## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-22297-CIV-BROWN

MARCOS M. AVELAR,

      Plaintiff,

vs.

SALINERO ENTERPRISES, et al.,

      Defendants.

_____/

## ORDER RE: MOTION
## FOR ENTRY OF FINAL JUDGMENT

**This matter** is before this Court on Plaintiff's Motion for Entry of Final Judgment... (D.E. 103), filed April 3, 2009. The Court has considered the motion, the response, and all pertinent materials in the file. On April 13, 2009, a hearing was held and the Court considered argument of counsel. There are two issues to be resolved: (1) how to resolve the answer to question 9 of the verdict form; and (2) should liquidated damages be awarded to plaintiff, and if so, in what amount.

As noted in the Notice of Hearing, there is a mistake/error in the jury verdict. The jury found plaintiff to be an employee of the defendants and awarded him $8,016.00 in overtime wages, found that they (the defendants) were not entitled to any setoffs, and found against the defendants on all of their counter-claims. However, the jury erroneously answered the final question (one that should not have been answered given the prior findings), and put the sum of $10,800 in the interrogatory asking the amount of punitive damages to be awarded.

1

The Court has an obligation to make all reasonable efforts to reconcile the apparent inconsistency in this verdict. See, e.g., Wilbur v. Correctional Services Corp., 393 F. 3d 1192, 1200 (11th Cir. 2004). The Court finds that it can do so. It is clear that the jury found in favor of plaintiff and against defendants on all issues. Plaintiff had asked the jury to award wages (the exact amount if unknown to the Court at this time) of $18,000. It is quite clear to the Court that the jury intended to award the other $10,000 as punitive damages to the plaintiff.... even though, as a matter of law, it could not. It should be noted that no one challenged the verdict while the jury was present, and that failure is a waiver. Id. Indeed, the Court asked if any party wished the jury polled and all declined.

Defendants attempt to contend the jury was implicitly finding in their behalf on the fraud claims. The parties argued over whether the punitive damage award could stand in the absence of any award to defendants of compensatory damages. The Court need not resolve that general question because there was no finding of liability in favor of defendants that would permit a punitive damage award under any party's theory on compensatory damages. Furthermore, while defendants are correct that there are circumstances that would allow punitive damages without a prior finding of compensatory damages, in this case, that would not apply.

Therefore, since plaintiff himself has recognized that he may not be awarded punitive damages, that portion of the verdict is expunged.

On the issue of liquidated damages, there are, essentially, two burdens on the employer: (1) a showing of good faith; and (2) that said good faith must be "upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." C.D. Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987). An employer "who knew or had reason to know that the FLSA applied, could not establish good faith as a defense." Id. If the employer fails to carry its

burden, then liquidated damages are mandatory. See Spires v. Ben Hill County, 980 F.2d 683, 689

(11th Cir. 1993); see also, Kennedy v. Critical Intervention Services Inc., 199 F. Supp. 2d 1305, 1307

(M.D. Fla. 2002).

> The FLSA provides in pertinent part:
>
> (a)(1) ... no employer shall employ any of his employees ... for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207.
>
> (b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).
>
> In any action ... to recover ... unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 as amended [29 U.S.C.A. §§ 201 *et seq.*], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation ... the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of [FLSA]. 29 U.S.C. § 260.

Determining whether an employer acted in good faith has both subjective and objective

components. See Kennedy, 199 F. Supp. 2d at 1307. In order to satisfy the subjective good faith

component, the employer bears the burden of proving that it has "an honest intention to ascertain

what [the Act] requires and to act in accordance with it." Id. Additionally, the employer must

"demonstrate that it had reasonable grounds for believing that its conduct comported with the

requirements of the FLSA." Dybach v. State of Fla. Dep't of Corrections, 942 F.2d 1562, 1567 (11th

Cir. 1991).

In making this analysis, the Court recognizes there was evidence indicating that plaintiff was

an independent contractor. However, the jury rejected this evidence and found plaintiff to be

defendants' employee.

Moreover, there is uncontroverted evidence that defendants are not paying their current employees, who testified to working more than 40 hours a week, any overtime wages. These witnesses were called and questioned by the defendants in an effort to bolster their case.

Given this uncontroverted evidence, defendants fail to carry their burden of proving that they had an honest intention to act in accordance with the FLSA requirements. Moreover, the decision by defendants not to pay their current employees overtime wages demonstrates conduct contrary to the FLSA requirements.

Therefore, since defendants fail to demonstrate good faith and reasonable grounds for believing that their conduct comported with the requirements of the FLSA, this Court will grant plaintiff's motion for liquidated damages in the amount of $8,016.00.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of April, 2009.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of record

4