07-22297.od

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 07-22297-CIV-COOKE-BROWN
**THIS IS A CONSENT CASE**

MARCOS M. AVELAR,

    Plaintiff,

vs.

SALINERO ENTERPRISES, et al.,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR NEW TRIAL

**This matter** is before this Court on Defendants' Motion for New Trial (D.E. 112), filed May 7, 2009. The Court has considered the motion, the response, and all pertinent materials in the file.

It is important to note at the outset that the salient facts are not argued by defendants - it is the legal effect of those facts they dispute. Plaintiff and defendants had at least an understanding as to the wages to be paid certain workers. Plaintiff submitted billing statement for those workers and defendants issued a check to plaintiff to pay the workers according to their agreement. It is important to note that there is no evidence that the workers did not work, or that they did not earn the monies to be paid (which defendants agreed to pay) ... albeit to the workers, not to plaintiff.

Defendants' motion is premised on a theory that, since the money allegedly was not paid to the workers, it should belong to defendants. It is this theory the Court finds flawed. It is important to note that nowhere do defendants argue that the workers are not entitled to the allegedly withheld monies. Indeed, defendants claim that monies were kept that were not paid to the workers "as they

should have been" (Mot. p. 6).

Accepting as accurate defendants' legal argument that "an action in equity generally may be maintained whenever one has money in this hands <u>belonging</u> <u>to</u> <u>another</u> which in equity and good conscience, he ought to pay over <u>to</u> <u>that</u> <u>other</u>" (Mot. p. 5), see <u>Deco Purchasing & Distributing Co. Inc. Panzirer</u>, 450 So. 2d 1274, 1275 (Fla. 5th DCA 1984)(emphasis added), this Court finds that "the other" is/are the workers who earned that money, not the defendants.

The common thread in all of the law cited by defendants - missing here - is that the party seeking the restitution or recovery has the right to the money at issue. Defendants quote the case of <u>Sharp v. Bowling</u>, 511 So. 2d 363, 364 (Fla. 5th DCA 1987) for the proposition that "[T]he common law count known as 'money had and received' constitutes a remedy at law to recover money <u>erroneously</u> <u>paid</u> or received by a defendant when to permit the defendant to keep the money would unjustly deprive the plaintiff of <u>his</u> <u>ownership</u> of the money" (Mot. p. 8)(emphasis added). The problems with defendants' position are: (1) there is no evidence in this record that the money was "erroneously paid," and (2) the claim of deprivation of "his ownership" of the money. When the check was issued to plaintiff, that money became his and the workers' money, not the defendants' money.

Finally, in the law cited by defendants to counter the possibility of a "no harm, no foul" argument, the point of this Court is, yet again, reiterated. According to defendants, the Third DCA stated in the case of <u>Phillips Chemical Co. v. Morgan</u>, 440 So. 2d 1292, 1294-95 (Fla. 3rd DCA 1983), when confronted with the argument that there was no showing of loss by the party seeking recovery, "[s]ince the amounts given to an unfaithful employee <u>could</u> <u>and</u> <u>should</u> <u>have</u> <u>been</u> <u>paid</u> <u>to</u> <u>his</u> <u>employer</u>, we disagree with this claim ...." (emphasis added). In our case the money at issue "could and should have been paid" to the workers.

If this Court were to allow the return of these funds, clearly earned by the workers performing

in whatever capacity for defendants, quite clearly it would be defendants who would be unjustly enriched.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**. Further, in as much as this same argument has been argued before the Court on more than one occasion, the request for oral argument (D.E. 113) is also **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of May, 2009.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: counsel of record